In the Matter of 18TH AVENUE DEVELOPMENT CORP., Debtor.

Stanley SCHWEIGER and Myrna Schweiger, his wife, Plaintiffs,

v.

18TH AVENUE DEVELOPMENT CORP., Defendant.

Bankruptcy No. 79–01230–BKC–SMW. Adv. No. 79–0006–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

Jan. 30, 1980.

Robert A. Schatzman, Miami, Fla., for defendant.

Michael H. Weisser, North Miami Beach, Fla., for plaintiffs.

### FINDINGS AND CONCLUSIONS

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon the Complaint of the Plaintiffs, STANLEY SCHWEIGER and MYRNA SCHWEIGER, for relief from the automatic stay, 11 U.S.C., Section 362, and to determine the priority of their claim of lien. The Debtor, 18TH AVENUE DEVELOPMENT CORP., responded to the Plaintiffs' Complaint and the matter was presented for trial on January 15, 1980. The Plaintiffs are contract purchasers of one of the units presently under construction within the Debtor's project. The Plaintiffs' unit is presently 90% complete. The Plaintiffs have requested the Court to determine that they have an equitable lien on the property and have asked the Court to give them relief from the automatic stay and allow them to complete construction of their unit separate and apart from the Debtor.

The testimony of the witnesses show that Plaintiffs contracted with the Debtor to purchase the unit in question, located in 1999 N.E. 199 Street, North Miami Beach, Florida, for the sum of $149,900.00. As a deposit for the purchase of the unit, the Plaintiffs delivered the sum of $25,000.00 to the Debtor. The balance of the purchase price was to be paid in cash at closing and by assumption of Chase Federal Savings and Loan Association's construction loan,

which would then be converted into a permanent mortgage in the approximate sum of $119,000.00.

 The Plaintiffs' witness testified that the unit in its present condition contains a number of water leaks and surface wood deterioration. The Debtor's witness has testified that the leaks in the unit in question are minimal and, in fact, the total deterioration of the project does not amount to a sum in excess of $25,000.00. Accordingly, this Court finds that any deterioration to this unit is minimal in nature and does not materially effect the value thereof.

According to both witnesses for the Plaintiff and the Debtor, the value of the unit in question, upon completion, is in excess of $200,000.00 on today's market. Section 365(j) of the Code, limits any lien rights of a purchaser whose contract has been terminated or rejected under Section 365 to that portion of the purchase price the purchaser has paid. Therefore, under the provisions of the Code, should this contract be rejected, Plaintiffs' lien rights would be limited to the extent of their deposit in this case, the sum of $25,000.00. Therefore, this Court concludes that there is substantial equity in this unit for the benefit of this estate.

The Court finds no basis to assert an equitable lien as claimed by the Plaintiffs under the provisions of the Code.

Section 362(d)(2) of the Code requires that in order for the Court to grant the relief from the stay requested by the Plaintiffs, it must establish not only that the Debtor does not have equity in the property but also that the property is not necessary to an effective reorganization. It is clear from the testimony before the Court that although this unit is only one of more than fifty units presently under construction, should this Court grant the relief requested by the Plaintiffs, it would effectively destroy the continuity and integrity of the Debtor's project and render the Debtor unable to reorganize itself before the Court within these proceedings.

In order for the Debtor to reorganize, it is essential to maintain the integrity of the project and to preserve the concept of the development. To allow the Plaintiffs, as contract vendee, the relief they requested would in effect dismember the Debtor's project and set a precedent which this Court could not, in good conscience, reject with regard to each and every contract vendee of units under construction within this project. It would, therefore, be impossible for the Debtor to go forward and restructure its financing with its construction lender, Chase Federal Savings and Loan Association, or successfully negotiate the infusion of new capital by investors.

This Court, therefore, finds that the subject property is necessary to an effective reorganization and that there is equity for the benefit of this estate in said property and, therefore, concludes that the relief prayed for by the Plaintiffs should be denied.